**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Champion Power Equipment Incorporated,

Plaintiff,

v.

Firman Power Equipment Incorporated,

Defendant.

No. CV-23-02371-PHX-DWL

**ORDER**

Pending before the Court is the parties' joint motion for discovery dispute resolution re: protective order.  (Doc. 65.)

As background, this is a patent infringement action in which Champion Power Equipment Inc. ("Champion") contends that Firman Power Equipment Inc. ("Firman") "has willfully infringed [various] Champion Patents by importing, having made, making, selling, offering for sale, and/or using the technology claimed in the Champion Patents, despite Firman's prior knowledge of the Champion Patents."  (Doc. 23 at 3.)

In the pending motion, Firman expresses concern that Champion may misuse the confidential information that Firman will be producing as part of the discovery process in this case.  To guard against that risk, Firman requests two forms of relief: (1) an order empowering each side to object to the other side's experts before any confidential information may be shared with those experts; and (2) a "prosecution bar" that would preclude two of Champion's attorneys in this case, Timothy Ziolkowski and Jacob Fritz, "from prosecuting patents in the field in which Firman operates—portable power

generators—for a limited period of three years." (Doc. 65 at 2-4.)   Champion opposes both requests, arguing that (1) the right of objection should only apply to technical experts, whereas objecting "to non-technical experts is unnecessary and is only designed to unreasonably increase litigation costs"; and (2) Firman has not made the necessary showing to justify a prosecution bar.  (*Id.* at 5-6.)[1]  Champion also "requests full briefing on these issues." (*Id.* at 5.)

Having reviewed the parties' joint motion and the authorities cited therein, including *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373 (Fed. Cir. 2010), the Court agrees with Champion that additional briefing is necessary.  In particular, any request for a prosecution bar against an individual attorney requires much more developed briefing and factual development.  The Court does not fault the parties for failing to provide such development here, as the "joint discovery dispute" briefing procedure required by the scheduling order (Doc. 33 at 10-11) only gave them a few pages to present their positions, but the Court concludes that the current dispute is better resolved through formal motion practice.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for discovery dispute resolution re: protective order (Doc. 65) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Firman may file a motion requesting the relief sought in the parties' joint filing.  Once the motion is fully briefed, the Court will rule in due course.

Dated this 19th day of July, 2024.

Dominic W. Lanza
United States District Judge

---

[1]   Champion appears to believe that Firman is requesting a prosecution bar that would apply to all of its attorneys in this case. (Doc. 65 at 6 n.3.)  That is not how the Court reads Firman's portion of the joint motion.  At any rate, this is an issue that can be clarified in the renewed briefing authorized in this order.

- 2 -