**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated, | No. CV-23-02371-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Firman Power Equipment Incorporated, | |
| Defendant. | |

Pending before the Court is the parties' joint motion for discovery dispute resolution. (Doc. 74.) The Court concludes that oral argument is unnecessary and rules as follows.

As background, the scheduling order in this case provides in relevant part that:

> Discovery by interrogatory and requests for admission shall be governed by Rules 33 and 36 unless otherwise ordered by the Court. Therefore, there is a limit of twenty-five (25) interrogatories per party, including discrete subparts, and there is no limit on requests for admission. A single interrogatory may cover multiple Champion patents or multiple accused products. Discovery by requests for production shall be limited to eighty (80) requests for production per party. A single request for production may cover multiple Champion patents or multiple accused products.

(Doc. 33 at 2.)

On April 26, 2024, Firman served its first set of requests for production ("RFPs") on Champion. (Doc. 37.) This set consisted of 35 RFPs, *i.e.*, "Nos. 1-35." (*Id.*) Champion responded, and the sufficiency of that response is not at issue here.

On June 3, 2024, Firman served its second set of RFPs on Champion. (Doc. 54.) This set consisted of three additional RFPs, *i.e.*, "Nos. 36-38." (*Id.*) The current dispute arises from Champion's refusal to respond to these RFPs on numerosity grounds. In Champion's view, Firman "improperly loaded its" first set of 35 RFPs "with overbroad and compound definitions with numerous unrelated subparts which would require numerous separate and independent searches for each subpart," and even though Champion did not raise a numerosity objection at that time, it views the first set of RFPs as greatly exceeding the 80-RFP limit set in the scheduling order, such that it should not be required to respond to any additional RFPs. (Doc. 74 at 5-7.) Firman disagrees, arguing that (1) the "discrete subpart" limitation only applies to interrogatories under Rule 33, so there is no basis for Champion to attempt to reconceptualize Firman's initial set of 35 RFPs as actually consisting of more than 80 RFPs; and (2) regardless, Firman's first set of RFPs should be considered "single request[s], not separate, discrete requests" because each was "directed at eliciting details concerning a common theme." (*Id.* at 1-4, citations omitted.)

The Court agrees with Firman as to the latter issue. Even assuming the "discrete subparts" test applies to RFPs, the Court is unpersuaded that Firman's initial RFPs should be reinterpreted in the expansive manner proposed by Champion. For example, in RFP No. 14, Firman sought "[a]ll documents and things, including, but not limited to, communications and meeting minutes between You or any Named Inventor, and Yaofeng, Constant, Hangzhou, any Facility, or any Supplier reflecting the research, design, development, engineering, testing, manufacture, or sale of any non-Champion Dual Fuel Engines or Dual Fuel Generators or parts, components, or any other technology used to manufacture Dual Fuel Engines or Dual Fuel Generators." (Doc. 74 at 3.) Champion's apparent position is that this RFP should alone be viewed as consisting of 80 different RFPs, because it sought "different types of documents applied to different products" and also applied to several different categories of communicants. (*Id.* at 3, 6.) However, the scheduling order specifically contemplated that "[a] single request for production may cover multiple Champion patents or multiple accused products." (Doc. 33 at 2.) And more

broadly, this RFP would not be considered compound under many of the "pragmatic tests for determining whether questions are counted as one or multiple interrogatories." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 33 (2022). For example, "[o]ne commonly used test distinguishes subparts that seek the details concerning a 'common theme' from subparts that inquire into 'discrete areas.'" *Id.* Here, RFP No. 14 is reasonably viewed as a singular request for documents that all fall within a common theme. "Another commonly used test holds that subparts that are logically or factually related to the primary question do not count as separate interrogatories." *Id.* Here, all of the requests in RFP No. 14 are logically or factually related.[1]

Accordingly,

**IT IS ORDERED** that the parties' joint motion for discovery dispute resolution (Doc. 74), which the Court construes as a motion to compel filed by Firman, is **granted** insofar as Champion's numerosity objection is overruled.

Dated this 19th day of August, 2024.

_____
Dominic W. Lanza
United States District Judge

---

[1] The same analysis applies to RFP No. 11, which is the other exemplar RFP discussed in Champion's portion of the joint motion.