WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated,<br>Plaintiff,<br>v.<br>Firman Power Equipment Incorporated,<br>Defendant. | No. CV-23-02371-PHX-DWL<br>**ORDER** |

Pending before the Court is the parties' joint motion for discovery dispute resolution. (Doc. 102.) The Court concludes that oral argument is unnecessary and rules as follows.

The dispute concerns Champion's Interrogatory No. 5, which seeks to compel Firman to disclose the identity of "every person who provided documents or information used in the preparation of Your responses to any of Champion's discovery requests in the Litigation." (*Id.*) Firman argues that "Interrogatory No. 5 is overly broad, seeks irrelevant information, and potentially seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine." (*Id.* at 5.) On the issues of relevance and overbreadth, Firman elaborates that it has already identified, in its initial disclosures under Rule 26, all of the individuals likely to have discoverable information that it may use to support its claims or defenses, so the requested information is "only relevant to how Firman manages its discovery process—which has no relevance to the parties' claims or defenses. Courts permit this discovery on discovery—known as meta-

discovery—only when a party has identified a specific deficiency in the other parties' discovery responses, which [is not the case here]." (*Id.* at 5-6.) Meanwhile, Champion argues that Firman's claims of privilege and work-product protection are unavailing because Interrogatory No. 5 does not seek the substance of any communications or any mental impressions; that any undue-burden argument fails because Firman "already knows the universe of custodians"; that the requested information is relevant, and not duplicative of the information contained in Firman's Rule 26 disclosures, because "Rule 26 only requires that Firman provide information as to those individuals Firman may use to support its claims or defenses" whereas Interrogatory No. 5 may help Champion identify individuals who only possess information that is harmful to Firman's claims and defenses; and that Interrogatory No. 5 does not qualify as "meta-discovery" because "it seeks no information or detail as to how Firman solicited that information." (*Id.* at 2-4.)

This dispute presents a close call. On the one hand, it is permissible for a party to use the discovery process to seek to identify individuals who may possess information that is harmful to its opponent's claims and defenses. Because Firman was not necessarily required to disclose the identities of such individuals in its Rule 26 disclosures, Champion may use other discovery tools in an attempt to discern their identities. *See, e.g., E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 349 (N.D. Ill. 2005) ("The mandatory requirement in Rule 26(a)(1) that a party disclose the information it may use to advance a claim or defense does not exempt a party from the obligation to disclose, in response to a discovery request, other information that may hurt its case. There is no 'bad information' exception to the obligation to respond to discovery requests."); 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 791 (2022) ("The 2000 amendments [to Rule 26] explicitly relieved parties of the duty to disclose the names of all persons with relevant and discoverable information or all relevant documents, including harmful witnesses or 'smoking gun' documents that the party does not intend to use. Thus, parties are likely to identify only the materials that help their cause. However, nothing in Rule 26(a)(1) places unhelpful or damaging information outside the scope of discovery. The

identities of harmful witnesses and the existence and location of smoking gun documents or ESI may still be discovered through party-initiated discovery requests."). Additionally, the Court agrees with Champion that the limited information sought in Interrogatory No. 5 does not implicate the attorney-client privilege or the work-product doctrine. *Jewel Food Stores, Inc.*, 231 F.R.D. at 346-49.

On the other hand, Interrogatory No. 5 does not directly seek the identities of individuals who may possess information that is harmful to Firman's claims and defenses. Instead, it more broadly seeks the identities of all persons from whom Firman and Firman's counsel gathered information in the course of responding to Champion's discovery requests. Although it is theoretically possible that some of those individuals may both (1) possess information that is harmful to Firman's claims and defenses and (2) be omitted from Firman's Rule 26 disclosures, this strikes the Court as an imprecise way to smoke out the identities of such individuals (assuming they even exist). Effectively, Champion is propounding meta-discovery or something very close to meta-discovery—that is, "discovery into another party's discovery process," which "is disfavored" and should generally only be permitted "where there is some indication that a party's discovery has been insufficient or deficient," *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (cleaned up)—because it believes such discovery may be useful for a purpose that has nothing to do with evaluating the sufficiency of Firman's discovery responses. The Court is concerned that endorsing this approach would create an unwarranted loophole in the existing restrictions on meta-discovery. *Cf. Ashcraft v. Welk Resort Group, Co.*, 2021 WL 3017512, *2 (D. Nev. 2021) ("While the request arguably seeks both meta-discovery and merits discovery, its overly broad nature places it in the meta-discovery bucket.").

Rule 26(b)(1) provides the applicable framework for balancing these considerations. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Here, although Interrogatory No. 5 seeks information that is nonprivileged and has enough potential utility to Champion to clear Rule 26's "low bar" of relevance,[1] it is not proportional to the needs of the case given its imprecision (and resulting relative unimportance in resolving the disputed issues in this action) and the disfavored nature of any inquiry into an opposing party's process for responding to discovery requests.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for discovery dispute resolution (Doc. 102), which the Court construes as a motion to compel filed by Champion, is **denied**.

Dated this 4th day of December, 2024.

_____
Dominic W. Lanza
United States District Judge

---

[1] *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018-19 (D. Ariz. 2020) ("Relevant information need not be admissible at trial to be discoverable. . . . Relevancy in civil litigation is a relatively low bar.  Under Rule 401 of the Federal Rules of Evidence, information having any tendency to make a fact in dispute more or less probable is relevant.  And courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (cleaned up).