**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated, | No. CV-23-02371-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Firman Power Equipment Incorporated, | |
| Defendant. | |

Pending before the Court is the parties' joint motion for discovery dispute resolution. (Doc. 109.) The Court concludes that oral argument is unnecessary and rules as follows.

As background, in May 2015, Champion's chief technology officer "saw a Firman RD9000E dual fuel generator at a trade show." (*Id.* at 2.) This May 2015 date is potentially significant because it falls a few weeks before "Champion filed the patent application for the bulk of its dual fuel generator patents." (*Id.* at 2, 5.)

The parties' discovery dispute concerns Firman's Interrogatory No. 12, which "asks Champion to state whether Champion believes the Firman RD9000E generator includes the claim elements identified in Firman's invalidity contentions." (*Id.* at 2. *See also id.* at 5 ["Rog 12 requires Champion to analyze 'Firman's Invalidity Contentions' and take positions on whether Champion admits to the 'identity' of 'each element in the RD9000E identified by Firman.'"].) Firman argues that the information sought in Interrogatory No. 12 is relevant because one of its "key defenses . . . [is] that Champion's patents are invalid

because Firman sold a prior art generator (the RD9000E) whose structure, function, and operation is nearly identical to the generators Champion now accuses" and that "[g]iven the similarities between the RD9000E and the accused products, . . . any construction that would show Firman's current products infringe Champion's patents, must also show their predecessor (the RD9000E) invalidates those patents."  (*Id.* at 2, emphases omitted.) Firman continues: "Champion's position on how the claim terms in the asserted patents could cover one product (the accused generators) while not covering another nearly-identical product (the RD9000E) is critical to Firman's analysis."  (*Id.* at 3, emphasis omitted.)  Meanwhile, Champion objects to Interrogatory No. 12 on what appear to be three grounds: (1) Firman has not proved that the RD9000E qualifies as prior art; (2) Firman has not preserved or produced an RD9000E unit from May 2015; and (3) Firman's invalidity contentions are flawed in various respects.  (*Id.* at 3-7.)

      The Court will focus on Champion's second objection because it is dispositive.  It is undisputed that neither Champion nor Firman has "access to . . . the actual RD9000E [from May 2015] that could be inspected and tested."  (*Id.* at 5.)  Despite this, Firman argues that Champion has the ability to respond to Interrogatory No. 12 because Firman has "produced engineering drawings, user manuals, and schematics disclosing the relevant components, and explained that those Materials . . . accurately describe both the RD9000E unit displayed at the trade show and the RD9000E units sold before Champion filed its patent application."  (*Id.* at 4.)  Champion, in turn, disputes whether the written materials produced by Firman pertain to the May 2015 version of the RD9000E, arguing that "Firman's own cited electrical schematic—the only dated document connected with the RD9000E—is dated August 14, 2015" and "Firman's 'user manual' and 'dealer flyer' are undated."  (*Id.* at 5.)  More broadly, Champion argues that it "must inspect and analyze the actual device" to respond to Interrogatory No. 12 and that it should not be expected "to provide every detail to explain why the ghost device does not practice the Asserted Claims."  (*Id.* at 5.)  Champion concludes that it "should not be required to answer Rog 12 because of Firman's . . . failure to produce the alleged RD9000E for inspection."  (*Id.* at

7.)

Champion has the better of these arguments. Interrogatory No. 12 effectively seeks to compel Champion to perform an analysis of the May 2015 version of the RD9000E and then, on the basis of that analysis, opine on whether that device includes the claim elements identified in Firman's invalidity contentions. An initial problem with this request is that, although "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of fact to law," Fed. R. Civ. P. 33(a)(2), "a party cannot ordinarily be forced to prepare its opponent's case. Consequently, interrogatories that require a party to make extensive investigations, research or compilation or evaluation of data for the opposing party are in many circumstances improper." *Gen. Cigar Co., Inc. v. Cohiba Caribbean's Finest, Inc.*, 2007 WL 983855, *3 (D. Nev. 2007) (citation omitted). *See generally Aktiebolaget Vargos v. Clark*, 8 F.R.D. 635, 636 (D.D.C. 1949) ("An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him."). Another, related problem is that neither side possesses the May 2015 version of the RD9000E. Although it is true that "[c]ourts . . . have allowed the functions of prior art devices to be established through the use of documents and testimony," *IOENGINE, LLC v. PayPal Holdings, Inc.*, 607 F. Supp. 3d 464, 512 (D. Del. 2022), it still strikes the Court as reasonable for Champion to ask that, at a minimum, it be supplied with the actual device in question before being required to perform the sort of analysis demanded in Interrogatory No. 12.

Firman's failure to produce a copy of the device also differentiates this case from *Resh, Inc. v. Skimlite Manufacturing Inc.*, 2022 WL 16935625 (N.D. Cal. 2022), which Firman cites as a decision supporting its position. Although the court in *Resh* overruled the plaintiff's objection to an interrogatory that called for it to explain why it believed two particular products ("the A.G. Pro pole and the Solakian pole") did not qualify as prior art, the court emphasized that the objecting party "does not dispute that . . . it has known of

both poles for over a year *and has had an opportunity to examine them.*" *Id.* at *2 (emphasis added).

Accordingly,

**IT IS ORDERED** that the parties' joint motion for discovery dispute resolution (Doc. 109), which the Court construes as a motion to compel filed by Firman, is **denied**.

Dated this 13th day of January, 2025.

Dominic W. Lanza
United States District Judge