**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Firman Power Equipment Incorporated,<br><br>Defendant. | No. CV-23-02371-PHX-DWL<br><br>**ORDER** |

Pending before the Court are a pair of motions to seal filed by non-party Generac Power Systems, Inc. ("Generac"). (Docs. 127, 140.)

**BACKGROUND**

Plaintiff Champion Power Equipment, Inc. ("Champion") brought this action against Defendant Firman Power Equipment Inc. ("Firman"), alleging infringement of various patents. (Docs. 1, 24.) Firman recently sought leave to amend its invalidity contentions. (Doc. 115.) Among other things, Firman argued it only discovered one of the bases for its amendment request after utilizing a subpoena to obtain certain documents from Generac. (*Id.* at 3.) In its motion, Firman explained that "[a]lthough Generac agreed to conduct a reasonable search for responsive documents, given that Champion is one of its direct competitors, Generac objected to producing any documents before the Court entered a confidentiality protective order." (*Id.*) In the meantime, Champion sued Generac, "alleging infringement of the same patents asserted against Firman." (*Id.*) Also in the meantime, the Court resolved certain disputes between the parties regarding the issuance

of a protective order (Docs. 75, 79, 82, 92), the parties stipulated to the entry of a protective order reflecting the Court's determinations (Doc. 94), and the Court granted that stipulation and entered a protective order ("the Protective Order") (Doc. 95). The following week, Firman issued another subpoena to Generac, and during the weeks that followed, "Generac produced 521 documents, spanning over 2,525 pages, and including over fifty prior art references ranging from foreign language patent publications to U.S. patents and publications to purchases of dual fuel generators Generac made from two separate manufacture[r]s." (Doc. 115 at 3.) Generac designated some of those documents as "CONFIDENTIAL – FOR COUNSEL ONLY" under the Protective Order. (Doc. 119 at 2.)

In response to Firman's motion for leave to amend its invalidity contentions, Champion argued that, for various reasons, certain documents from Generac showed that Firman did not act with diligence during its search for prior art. (Doc. 120 at 3.) Champion provided the relevant documents as exhibits to its response. However, because Generac had designated the documents as "CONFIDENTIAL – FOR COUNSEL ONLY" and produced them pursuant to the Protective Order, Champion did not file them on the public docket and instead lodged them under seal (while also filing a redacted version of its response brief on the public docket), in the manner set forth by LRCiv 5.6(d). (Doc. 121.) Champion specified in its notice of lodging that it "met and conferred" with Generac "regarding the confidentiality designations" and that Champion "disagrees that these documents should be marked 'CONFIDENTIAL – FOR COUNSEL ONLY' . . . [because they] are ten years old and do not contain trade secrets or other confidential data related to research, development, finances, or customers." (Doc. 119 at 2.) Champion further asserted that "the Protective Order allows Generac to designate documents [as confidential], and such designations must be respected until the Court rules on such designations or until 'the matter has been otherwise resolved.'" (*Id.* at 2-3.) Champion presumably expected Generac to file a motion to seal pursuant to LRCiv 5.6(d).

Generac has now filed such a motion (Doc. 127), arguing that the "good cause"

sealing standard (rather than the "compelling reasons" standard) applies here because Firman's motion is "no more than tangentially related to the merits of the case"; that good cause exists here because the documents at issue contain, *inter alia*, "confidential and proprietary information relating to Generac's business strategy and supplier relationships" and "confidential information of Generac's nonparty suppliers," including "price quotes from three of Generac's suppliers and the evolution of those price quotes over time to bid for Generac work," which information "would give Generac's competitors an unfair advantage because financial information regarding Generac's costs can be used to determine Generac's profit margins"; and that the need for protection is particularly pronounced because Generac is a non-party. (Doc. 128.)

After the Court granted Firman's motion for leave to amend its invalidity contentions (Doc. 124), Champion filed a motion for reconsideration. (Doc. 133.) That filing once again includes Generac's emails as attachments and includes references to those emails in the body of the filing, so Champion once again lodged the disputed materials under seal (Doc. 135) and filed a notice of lodging (Doc. 134). Generac has, in turn, filed another motion to seal that raises essentially the same arguments as its earlier motion. (Doc. 140.)

**DISCUSSION**

As Generac correctly notes, the "less exacting 'good cause' standard" applies here because Firman's motion for leave to amend its invalidity contentions and Champion's motion for reconsideration are no more than tangentially related to the merits of this case. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Generally, good cause exists to seal "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and the case for sealing such information is even stronger when, as here, it belongs to a non-party. *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 4947343, *5 (D. Ariz. 2011) ("The exhibits at issue here involve previous business dealings that are collateral to the issues in this case and they implicate the confidentiality of parties not involved in the current case.

1  Accordingly, the Court finds that Avago has shown compelling reasons to file these
2  exhibits under seal.").

3  Although the documents that Generac seeks to maintain under seal are nearly-ten-year-old emails, they contain the sort of detailed pricing information (*see, e.g.,* Doc. 121-2 at 3) that courts often deem competitively sensitive enough to justify sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (pricing terms "plainly" fall within the definition of trade secrets and are subject to sealing under the "compelling reasons" standard); *Brady v. Delta Energy & Commc'ns, Inc.*, 2024 WL 4869169, *2 (C.D. Cal. 2024) ("Courts in this Circuit have found potential harms arising from public disclosure of trade secrets or a business' confidential financial and pricing information to be sufficient reason to seal."). Additionally, Generac has provided a declaration from its General Manager, John Quast, who provides various non-conclusory explanations as to why Generac would suffer competitive harm from the public disclosure of this information. (Doc. 128-1.) Given those details, the applicability of the lesser "good cause" standard, and Generac's status as a non-party, the Court concludes that the sealing requests should be granted.

Accordingly,

**IT IS ORDERED** that:

1. Generac's motions to seal (Docs. 127, 140) are **granted**.

2. The Clerk shall file, under seal, the documents (and attachments thereto) lodged at Docs. 121 and 135.

Dated this 2nd day of April, 2025.

Dominic W. Lanza
United States District Judge