**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Champion Power Equipment Incorporated, | No. CV-23-02371-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Firman Power Equipment Incorporated, | |
| Defendant. | |

On November 14, 2025, the Court issued a lengthy order that denied Champion's motion for leave to amend its infringement contentions and granted Firman's motion for leave to amend its invalidity and unenforceability contentions and its counterclaims. (Doc. 227.) Champion has now filed a motion for reconsideration of that order (Doc. 229), and Firman has filed a response (Doc. 233). For the reasons that follow, the motion for reconsideration is denied.

## LEGAL STANDARD

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted). "Motions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their

1   original briefs.  Nor is reconsideration to be used to ask the Court to rethink what it has

2   already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582

3   (D. Ariz. 2003) (citation omitted).  *See also FTC v. Noland*, 2022 WL 901386, *3 (D. Ariz.

4   2022) ("Local Rule 7.2(g) . . . [creates] essentially the same standard a district court outside

5   the District of Arizona . . . would apply when resolving a reconsideration motion under

6   Rule 54(b).") (citation omitted); 2 Gensler, Federal Rules of Civil Procedure, Rules and

7   Commentary, Rule 54 (June 2025 update) ("Rule 54(b) is not a mechanism to get a 'do

8   over' to try different arguments or present additional evidence when the first attempt failed.

9   . . .  While the Rule 59(e) scheme does not directly control a trial court's ability to review

10  interlocutory orders, courts have looked to its common-sense guideposts because the same

11  general principles apply in both settings.  In sum, trial courts will exercise their discretion

12  to reconsider interlocutory rulings only when there is a good reason to do so, including (but

13  not limited to) the existence of newly discovered evidence that was not previously

14  available, an intervening change in the controlling law, or a clear error rendering the initial

15  decision manifestly unjust.") (footnotes omitted).

## DISCUSSION

17      Champion contends that reconsideration is warranted "on the basis that the Order is

18  (1) manifestly erroneous because it disregards patent law and conflates factual disclosures

19  with responsive legal theories; (2) manifestly erroneous because it misapplies cases dealing

20  with *affirmative* contentions as opposed to the *responsive* ones at issue here; (3) fails to

21  consider material facts that Champion presented in its briefing; (4) largely relies on

22  Firman's Reply in support of its Sur-Reply, to which Champion was not allowed to respond

23  in writing or by oral argument; and (5) demonstrates a lack of fundamental fairness in this

24  action."  (Doc. 229 at 1-2.)

25      Champion's first, second, and fifth arguments lack merit for related reasons.  As

26  Firman correctly explains in its response (Doc. 233 at 3-8, 14-15), the challenged order

27  does not disregard patent law, engage in improper conflation, or misapply the relevant case

28

1    law.  Nor is it fundamentally unfair to enforce the deadlines in a scheduling order.[1]  As

2    explained in the challenged order, "[i]t is unfortunate that [such] enforcement may

3    sometimes require a party to forgo reliance on a particular piece of late-discovered

4    evidence or a particular late-developed theory, but this is an inevitable consequence of

5    having an enforceable schedule, the absence of which would create many other problems."

6    (Doc. 227 at 19.)  Nearly all of Champion's reconsideration arguments are premised, in

7    one way or another, with its disagreement with this principle, but such disagreement does

8    not show that the challenged order is manifestly erroneous or fundamentally unfair.

9         Champion's third reconsideration argument—that the Court failed to consider

10   material facts presented in Champion's briefing—is simply not true.  Champion takes issue

11   with the statement in the challenged order that "Champion did not even begin attempting

12   to confirm an NDA was in place until February or March 2025" (*id.* at 16), arguing that

13   "[t]he record clearly shows that Champion did investigate and, as the Court puts it,

14   'attempt[] to confirm' the existence of an NDA earlier in the case.  When multiple company

15   witnesses all have a consistent memory that an NDA was in place, and there is a

16   corroborating timely email about an NDA, those indicators indisputably show there was

17   indeed a significant 'attempt[] to confirm an NDA was in place'" (Doc. 229 at 7-8, cleaned

18   up).  But as Firman notes in its response, Champion's cited evidence simply "reflects

19   Champion's reliance on an assumption that the NDA should have been in place—not

20   diligent searching for evidence an NDA was in place. . . .  The evidence Champion cites

21   confirms, at most, it relied on employee memories.  Yet none of those memories even

22   recalled getting an NDA before the Cabela's meeting.  Instead, they recall assuming the

23   NDA was in place because NDAs were the usual course of business.  Assuming in lieu of

24   searching does not represent diligence."  (Doc. 233 at 8, emphases and footnote omitted.)

25   "[A]ll of the evidence Champion cites confirms the Court's finding that Champion did not

26   search for an NDA during the six months in question."  (*Id.* at 9.)

---

[1]    To the extent Champion again seeks to take issue with the scheduling order, as stated in the challenged order, "[u]nder LRCiv 7.2(g), any request by Champion for reconsideration of that order was due within 14 days."  (Doc. 227 at 18.)  The time for seeking reconsideration of the scheduling order has long passed.

1    This leaves Champion's fourth reconsideration argument, which is that the Court

2    improperly relied on "Firman's Reply in support of its Sur-Reply, to which Champion was

3    not allowed to respond in writing or by oral argument." (Doc. 229 at 2.)  This is a baffling

4    accusation.  Firman's reply in support of its request to file a sur-reply appears at Docket

5    Entry No. 210.  The challenged order does not even cite that document.  Moreover,

6    although Champion characterizes that document as containing new arguments by Firman

7    "attempting to undermine Champion's diligence based on information in Champion's

8    witness disclosures and an interrogatory response regarding 'an October 2014 visit' and

9    'offer[] for sale' of 'a duel-fuel generator' and a December 30, 2014 'update on the quote

10    (offer for sale)'" (Doc. 229 at 12), Champion ignores that Firman made those arguments

11    and supplied that evidence in earlier filings (*see, e.g.*, Doc. 176 at 1-2; Doc. 176-1 at 90,

12    118-20) and that Champion had a full and fair opportunity to respond to those earlier

13    filings.

14    Accordingly,

15    **IT IS ORDERED** that Champion's motion for reconsideration (Doc. 229) is

16    **denied**.

17    Dated this 8th day of January, 2026.

18

19

20    _____

        Dominic W. Lanza

21        United States District Judge

22

23

24

25

26

27

28